UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN VIBAL,<br><br>                              Plaintiff,<br><br>v.<br><br>GEICO CASUALTY COMPANY,<br><br>                              Defendant. | Case No.:  17CV534-LAB(BLM)<br><br>**ORDER DENYING JOINT MOTION TO CONTINUE PRETRIAL AND TRIAL DATES**<br><br>**[ECF No. 36]** |

On November 1, 2017, the parties filed a "JOINT STIPULATION TO CONTINUE PRETRIAL AND TRIAL DATES." ECF No. 32. The parties sought to continue the remaining pretrial deadlines by approximately four months. Id. at 2. In support, the parties stated that new counsel appeared for Defendant on September 11, 2017,[1] Plaintiff's counsel "were both involved in lengthy trials over the last two months," and Plaintiff's counsel were not admitted *pro hac vice* until October 19, 2017. Id. at 1. The Court did not find that there was good cause for a four month continuance of all deadlines, but granted the parties a one month continuance of the deadlines. ECF No. 34.

On November 22, 2017, the parties filed a "SECOND JOINT STIPULATION TO CONTINUE

---

[1] The motion states September 11, 2018, but the correct date is September 11, 2017. See ECF No. 32 at 1; see also ECF No. 25.

1

PRETRIAL AND TRIAL DATES." ECF No. 36. The parties seek to continue the remaining case deadlines by approximately three months. Id. at 2. In support, the parties reiterate that defense counsel substituted in on the case on September 11, 2017 and that Plaintiff's counsel, was not admitted *pro hac vice* until October 19, 2017. Id. at 1. The parties also argue that Mr. Moura "suffered a temporarily debilitating back injury, and has been unable to resume work" making it appear that he will be unable to conduct the preparation for and defense of the depositions in early December as the parties had hoped. Id. at 2.

Once a Rule 16 scheduling order is issued, dates set forth therein may be modified only "for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); see also ECF No. 14 at 7 (stating that dates and times "will not be modified except for good cause shown"). The Rule 16 good cause standard focuses on the "reasonable diligence" of the moving party. Noyes v. Kelly Servs., 488 F.3d 1163, 1174 n.6 (9th Cir. 2007); Coleman v. Quaker Oats Co., 232 F.3d 1271, 1294-95 (9th Cir. 2000) (stating Rule 16(b) scheduling order may be modified for "good cause" based primarily on diligence of moving party). Essentially, "the focus of the inquiry is upon the moving party's reasons for seeking modification." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). However, a court also may consider the "existence or degree of prejudice to the party opposing the modification . . . ." Id.

The parties have failed to establish good cause for continuing the remaining deadlines by another three months. The parties state that Plaintiff's counsel was not admitted *pro hac vice* until October 19, 2017. ECF No. 36 at 1. While that is correct [see ECF Nos. 30 and 31], according to the docket, Plaintiff's counsel, Mr. Sander Dawson, who participated in the telephonic Early Neutral Evaluation Conference on June 16, 2017, works for the same firm, Dawson & Rosenthal, P.C., as Steven Dawson and Anita Rosenthal who were the attorneys admitted *pro hac vice* on October 19, 2017. The Court's Scheduling Order Regulating Discovery and Other Pre-Trial Proceedings was issued on June 19, 2017. ECF No. 14. Accordingly, Plaintiff's counsel has been aware of the Court's dates since they were set in June and in fact served discovery on June 29, 2017, July 17, 2017, and August 2, 11, and 21, 2017. See ECF Nos. 16, 19, 20-23. Therefore, the October 2017 admission of two attorneys *pro hac vice* does

not demonstrate good cause for continuing pre-trial dates by several months. The parties have also failed to explain why the previous one month continuance of the deadlines was insufficient for defense counsel who was substituted in as counsel on September 11, 2017.

Finally, the parties state that defense counsel injured his back on November 11-12, 2017 and has been unable to resume work, but fail to provide any declarations from counsel or his treating doctors or details in support of this assertion. ECF No. 36. The Court has no knowledge of the severity of counsel's injury, how he is limited by his injury, how long he will be limited in his activity, or how his back injury prevents him from performing his duties as a lawyer. Moreover, counsel does not explain why other attorneys in his firm cannot assist in this case.

Because the parties have not demonstrated good cause or reasonable diligence, the Court **DENIES** the motion without prejudice. All dates, requirements, and guidelines remain as previously set. ECF Nos. 14 and 34.

**IT IS SO ORDERED**.

Dated: 11/28/2017

Hon. Barbara L. Major
United States Magistrate Judge